ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EDWIN MOJICA RODRÍGUEZ<br><br>Parte Apelada<br><br><br>v.<br><br><br>MARICARMEN REYES FAJARDO<br><br>Parte Apelante | TA2026AP00578 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2025CV01361<br><br>Sala: 406<br><br>Sobre:<br>Sentencia Declaratoria, Acción Reivindicatoria, Cobro De Dinero |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de junio de 2026.

Compareció ante este Tribunal la parte apelante, Maricarmen Reyes Fajardo (en adelante, la "Apelante" o la "señora Reyes Fajardo"), mediante recurso de apelación presentado el 5 de junio de 2026. Nos solicitó la revocación de la *Sentencia sumaria parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, el "TPI"), el 31 de marzo de 2026, notificada y archivada el mismo día. Dicho dictamen fue objeto de una solicitud de reconsideración interpuesta por la Apelante que fue declarada "No Ha Lugar" mediante *Resolución interlocutoria* del 5 de mayo de 2026, notificada el 6 de mayo de 2026.

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia sumaria parcial* apelada.

**I.**

El caso ante nos se originó con la presentación de una "**Demanda**" sobre sentencia declaratoria, cobro de dinero y acción reivindicatoria por parte del Sr. Edwin Mojica Rodríguez (en adelante, el "señor Mojica Rodríguez" o "Apelado").

En síntesis, alegó que él y la señora Reyes Fajardo contrajeron matrimonio el 15 de enero de 2000, bajo el régimen de separación de bienes y que, durante el

matrimonio, presuntamente adquirió privativamente la finca número 54962, inscrita en el Registro de la Propiedad de Carolina, Sección Segunda, el 30 de noviembre de 2004. Sostuvo que dicha compraventa fue financiada mediante préstamo hipotecario otorgado por el Sistema de Retiro de la Universidad de Puerto Rico y garantizado por la Escritura de Hipoteca Número 215, otorgada el mismo día de la compraventa. Ambas escrituras fueron suscritas ante el abogado y notario, Lcdo. Ernesto A. Meléndez Pérez y comparecieron como partes ambos cónyuges, sin especificarse el régimen económico habido entre las partes.

Posteriormente, el 5 de abril de 2013 se decretó el divorcio de las partes mediante *Sentencia* en el caso civil número FDI2012-0967. Alegó el Apelado que, a raíz de la sentencia de divorcio, desalojó la propiedad, por lo que la Apelante ha ocupado de manera exclusiva el inmueble desde entonces. El 31 de julio de 2023, el señor Mojica Rodríguez comunicó a su excónyuge su intención de cobrarle una renta mensual por el uso exclusivo de la propiedad.

En la "**Demanda**" presentada, el señor Mojica Rodríguez reclamó la posesión exclusiva del inmueble mediante acción reivindicatoria y que se ordenara a la Apelante al pago de renta desde la fecha en que éste desalojó la propiedad. Sostuvo que "el inmueble [le] pertenece en su totalidad", toda vez que asumió el pago del préstamo hipotecario con dinero privativo. Además, alegó que la Apelante no hizo pago alguno respecto al referido préstamo por lo que, con arreglo al régimen de separación de bienes pactado, el inmueble constituía un bien privativo de su pertenencia exclusiva.

Luego de varios trámites procesales ante el TPI, el 20 de febrero de 2026, el Apelado presentó un escrito intitulado "**Solicitud de Sentencia Sumaria Parcial sobre Sentencia Declaratoria y Acción Reivindicatoria**". Así, solicitó que el foro primario dictara sentencia sumaria respecto a las causas de acción de sentencia declaratoria y acción reivindicatoria, por entender que no existían controversias de hecho sustanciales que impidieran la concesión de tal remedio.

Así las cosas, la señora Reyes Fajardo presentó su oposición a la concesión de la sentencia sumaria el 31 de marzo de 2026. Ese mismo día, el TPI emitió y notificó su *Sentencia sumaria parcial* mediante la cual declaró "Ha Lugar" la solicitud del Apelado y declaró que la finca objeto del pleito pertenecía privativamente al

señor Mojica Rodríguez, al igual que ordenó a la señora Reyes Fajardo a devolver la posesión del inmueble.

Inconforme, el 14 de abril de 2026, la Apelante presentó una "**Solicitud de Reconsideración y Solicitud de Determinaciones de Hechos y Conclusiones de Derecho**". El foro primario ordenó al señor Mojica Rodríguez a que replicara a la solicitud de reconsideración en o antes del 4 de mayo de 2026. El 5 de mayo de 2026, el TPI declaró "No Ha Lugar" la solicitud de reconsideración mediante *Resolución interlocutoria* en la cual expuso que dicha solicitud "no expuso con suficiente particularidad y especificidad los hechos que deben reconsiderarse, por lo que el tribunal considera que dicha solicitud no interrumpió el término reglamentario para recurrir al Tribunal de Apelaciones".[1] Asimismo, expresó el foro a quo que por haber resuelto en su totalidad dos (2) causas de acción, no era necesario consignar determinaciones de hecho ni conclusiones de derecho, al amparo de la Regla 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2.

Aún insatisfecha, el 5 de junio de 2026, la Apelante presentó el recurso que nos ocupa mediante el cual imputó al TPI la comisión de los siguientes errores:

Erró el Honorable Tribunal Sala Superior de Carolina al declarar CON LUGAR la Solicitud de Sentencia Sumaria Parcial existiendo controversias sustanciales de hechos.

Erró el Honorable Tribunal Sala Superior de Carolina al Emitir Sentencia Sumaria Parcial sin emitir Determinaciones de hechos y conclusiones de derecho.

Erró el Honorable Tribun[a]l de Primera Instancia al acoger la Reconsideración, Ordenar a la parte demandante a expresarse y luego indicar que la misma no interrumpió el t[é]rmino para recurrir al Tribunal de Apelaciones luego de expirado el t[é]rmino, pretendiendo dejar a la demandada desprovista de su derecho de revisión.

El 25 de junio de 2026, el señor Mojica Rodríguez presentó su "**Moción de Desestimación por falta de jurisdicción**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[1] *Véase*, SUMAC TPI, entrada núm. 78.

**II.**

**A.**

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". Batista v. Sucn. Batista *et al*, 216 DPR ___; 2025 TSPR 93. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria. A la luz de sus disposiciones, se dictará sentencia si de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y que como cuestión de derecho el tribunal debe dictar la sentencia sumaria a favor de la parte promovente". Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3; Negrón Castro y otros v. Soler Bernardini y otros, 216 DPR ____ (2025); 2025 TSPR 96.

En ese sentido, se considera un hecho material o esencial, "aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". Oriental Bank v. Caballero García, 212 DPR 671, 679 (2023). Cabe señalar que el juzgador no está limitado a los hechos o documentos que se produzcan en la solicitud, sino que puede tomar en consideración todos los documentos que obren en el expediente del tribunal. S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 167 (2011).

Solamente se dictará sentencia sumaria en casos en los cuales el tribunal cuente con la verdad de todos los hechos necesarios para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. Oriental Bank v. Caballero García, *supra*, pág. 678. Sin embargo, el tribunal no podrá dictar sentencia sumaria cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la Demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material; o (4) la moción no procede como cuestión de derecho. S.L.G. Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168. Para prevalecer, el promovente de este recurso debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la

inexistencia de una controversia sustancial de hechos materiales sobre la totalidad o parte de la reclamación. Oriental Bank v. Caballero García, *supra*, pág. 678.

Por su parte, la parte promovida por una moción de sentencia sumaria debe señalar y refutar los hechos materiales que entiende están en controversia y que son constitutivos de la causa de acción del demandante. Rosado Reyes v. Global Healthcare, 205 DPR 796, 808 (2020); Oriental Bank v. Perapi et al., 192 DPR 7, 25-26 (2014). Así, la parte que se opone a que se dicte sentencia sumaria en su contra debe controvertir la prueba presentada y no cruzarse de brazos. ELA v. Cole, 164 DPR 608, 626 (2005). No puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar contradeclaraciones juradas o contradocumentos que pongan en controversia los hechos presentados por el promovente. Oriental Bank v. Caballero García, *supra*, pág. 8; Roldán Flores v. M. Cuebas *et al.*, 199 DPR 664, 677 (2018).

Adicionalmente, en León Torres v. Rivera Lebrón, 204 DPR 20, 47 (2020), el Tribunal Supremo resolvió que ninguna de las partes en un pleito puede enmendar sus alegaciones a través de la presentación de una solicitud de sentencia sumaria o su oposición. Así que, según lo expresa el propio tribunal, "la parte que se opone a una solicitud de sentencia sumaria no puede traer en su oposición, de manera colateral, defensas o reclamaciones nuevas ajenas a los hechos consignados en sus alegaciones, según consten en el expediente del tribunal al momento en que se sometió la moción dispositiva en cuestión". Íd., pág. 54.

Según las directrices pautadas por nuestro más alto foro, una vez se presenta la solicitud de sentencia sumaria y su oposición, el tribunal deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. Abrams Rivera v. ELA, DTOP y otros, 178 DPR 914, 932 (2010).

Al examinar la procedencia de una moción que solicita disponer de un caso sumariamente, el tribunal no tiene que sopesar la evidencia y determinar la veracidad de la materia, sino que su función estriba en determinar la existencia o no de una controversia genuina, la cual amerite ser dilucidada en un juicio plenario.

JADM v. Centro Comercial Plaza Carolina, 132 DPR 785, 802-803 (1983). Además de que "[t]oda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a ésta". ELA v. Cole, 164 DPR 608, 626 (2005).

En el caso de revisar la determinación del TPI respecto a una sentencia sumaria, este foro apelativo se encuentra en la misma posición que el foro de instancia para evaluar su procedencia. Rivera Matos *et al.* v. Triple-S *et al.*, 204 DPR 1010, 1025 (2020); Meléndez González *et al.* v. M. Cuebas, 193 DPR 100, 118 (2015). La revisión que realice el foro apelativo deberá ser *de novo* y estará limitada a solamente adjudicar los documentos presentados en el foro apelado. Vera v. Dr. Bravo, 161 DPR 308, 335 (2004). De modo que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Íd. En adición a esta limitación, se ha aclarado que al foro apelativo le está vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. Íd. págs. 334-335.

En Meléndez González *et al.* v. M. Cuebas, *supra*, nuestro más Alto Foro delimitó los pasos del proceso a seguir para la revisión de la sentencia sumaria por parte de este foro revisor, el cual consiste de: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles son incontrovertibles; (4) y, de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. Íd., págs. 118-119.

Conviene desde ahora destacar que el Tribunal Supremo también ha expresado que es desaconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos

mentales o negligencia. Ramos Pérez v. Univisión de P.R, 178 DPR 200, 2019 (2010); Carpets & Rugs v. Tropical Reps, 175 DPR 615, 638 (2009). No obstante, "cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales" nada impide que se utilice la sentencia sumaria en casos donde existen elementos subjetivos o de intención. Ramos Pérez v. Univisión de P.R, *supra*, pág. 219.

**B.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268. En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Torres Alvarado v. Madera Atiles, 202 DPR 495, 501 (2019).

De otra parte, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones establece que el recurso de apelación mediante el cual se solicita la revisión de una

sentencia emitida por el Tribunal de Primera Instancia se formalizará con la presentación del recurso "dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia". *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 23, 216 DPR __ (2025).

Atinente a lo anterior, la Regla 47 de las de Procedimiento Civil preceptúa que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". 32 LPRA Ap. V, R. 47. Sobre este respecto, para que una moción de reconsideración surta efectos interruptores será necesario que la parte promovente de dicha solicitud exponga con suficiente particularidad y especificidad los hechos y el derecho que estima deban reconsiderarse. Íd.

Sobre tal norma procesal, la Regla 52.2 (a) de dicho cuerpo reglamentario dispone que los recursos de apelación ante este Tribunal se deberán presentar en el término jurisdiccional de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, R. 52.2 (a). Igualmente, el inciso (e) de la aludida Regla establece que el transcurso del término para apelar se interrumpirá por la oportuna presentación de una moción de reconsideración, al amparo de la Regla 47 de Procedimiento Civil, *supra*, y permanecerá interrumpido hasta tanto el Tribunal de Primera Instancia no resuelva definitivamente la moción presentada bajo la Regla. *Véase*, 32 LPRA Ap. V, R. 52.2 (e)(2).

**III.**

En el presente caso, la señora Reyes Fajardo nos solicita la revocación de la *Sentencia sumaria parcial* del TPI, mediante la cual se declaró "Ha Lugar" la "**Solicitud de Sentencia Sumaria Parcial sobre Sentencia Declaratoria y Acción Reivindicatoria**" que presentó el Apelado. En síntesis, sostiene que erró el TPI: (1) al conceder la sentencia sumaria, aun cuando existía controversia sustancial sobre la titularidad del inmueble objeto del pleito; (2) al emitir dicho dictamen sin consignar las determinaciones de hechos y conclusiones de derecho

pertinentes; y (3) al acoger su solicitud de reconsideración para, posteriormente, indicar que la mismo no interrumpió el término para recurrir ante este Tribunal.

Como cuestión de umbral, y por tratarse de un tema que incide directamente sobre nuestra jurisdicción como foro revisor, debemos abordar en primer lugar el error esgrimido en cuanto a la solicitud de reconsideración y el término para recurrir ante este Tribunal. A tenor con el derecho previamente esbozado, y luego de evaluar tanto la "**Solicitud de Reconsideración y Solicitud de Determinaciones de Hechos y Conclusiones de Derecho**" como la *Resolución interlocutoria*, concluimos que la solicitud de reconsideración que oportunamente presentó la Apelante cumplió sustancialmente con los requisitos de la Regla 47 de Procedimiento Civil, *supra*. En consecuencia, distinto a lo expresado por el TPI en su determinación, concluimos que la misma interrumpió el término para apelar la *Sentencia sumaria parcial* previamente emitida. Así pues, nos encontramos en posición de ejercer nuestra función revisora en este caso.

Según adelantáramos, al momento de revisar una determinación del foro primario respecto a una solicitud de sentencia sumaria, venimos llamados a realizar una revisión *de novo* y limitarnos únicamente a adjudicar las controversias con los documentos que obran en el expediente ante el foro *a quo*. Del análisis de la prueba que se presentó ante el TPI y de los documentos que forman parte del expediente electrónico ante dicho foro, determinamos que sobre los siguientes hechos esenciales y pertinentes no existe controversia:

> 1. La señora Reyes Fajardo y el señor Mojica Rodríguez contrajeron matrimonio el 15 de enero de 2000 bajo el régimen de separación de bienes, establecido mediante "**Escritura de Capitulaciones Matrimoniales**".
>
> 2. Durante el matrimonio, los excónyuges comparecieron en la "**Escritura de Compraventa**" número 214 del 30 de noviembre de 2004, otorgada ante el abogado y notario Ernesto A. Meléndez Pérez, sobre un terreno ubicado en el Barrio Canovanillas de Carolina, finca número 54962, inscrita al Folio 179 del Tomo 1287, Sección Segunda del Registro de la Propiedad de Carolina.
>
> 3. La compraventa fue financiada mediante préstamo hipotecario otorgado por el Sistema de Retiro de la Universidad de Puerto Rico, garantizado por la "**Escritura de Hipoteca**" número 215 del 30 de noviembre de 2004, otorgada ante el abogado y notario Ernesto A. Meléndez Pérez.

4. Los excónyuges comparecieron como partes en ambas escrituras, en virtud de lo cual ambos aparecen como titulares del bien inmueble.

5. El señor Mojica Rodríguez ha hecho pagos dirigidos a satisfacer el préstamo hipotecario que grava la propiedad inmueble.

6. La señora Reyes Fajardo no ha realizado pagos respecto a dicho préstamo hipotecario.

7. El señor Mojica Rodríguez ha efectuado pagos en concepto de gastos de construcción, gastos de cierre, contribuciones sobre la propiedad inmueble y seguros de la propiedad.

8. El 5 de abril de 2013, la Sala de Carolina del TPI decretó el divorcio de las partes mediante *Sentencia* del caso civil número FDI2012-0967. En la misma, se hace constar que los excónyuges adquirieron bienes y deudas en común durante el matrimonio.

9. Desde la ruptura conyugal, la señora Reyes Fajardo ha ocupado el inmueble de manera exclusiva.

10. El 23 de julio de 2015, el señor Mojica Rodríguez cursó una carta a la señora Reyes Fajardo por conducto de su abogado, el Lcdo. Maximino Maldonado Medina, mediante la cual solicitó la liquidación de la comunidad de bienes existente entre los excónyuges. En ella, precisó que el bien inmueble objeto del pleito era el único "que queda[ba] indiviso".

11. El 31 de julio de 2023, el señor Mojica Rodríguez notificó a su excónyuge su intención de cobrar una renta mensual por el uso exclusivo del inmueble.

12. Obra en el expediente un plano de lotificación relacionado con el inmueble, con fecha de 30 de septiembre de 2021, aprobado el 24 de marzo de 2026, el cual identifica el terreno como "propiedad de Sr. Edwin Mojica Rodríguez y Sra. Mari Carmen Reyes Fajardo".

13. Obra en el expediente una Certificación de Propiedad Inmueble, expedida el 30 de abril de 2025 por el Registro Inmobiliario de Puerto Rico, la cual refleja que la finca fue inscrita "a favor de Edwin Mojica Rodríguez y su esposa Mari Carmen Reyes Fajardo".

Establecido lo anterior, y según discutido en los acápites anteriores, en nuestro ordenamiento jurídico procede dictar sentencia sumaria solo cuando, conforme a la evidencia presentada, no existe controversia real y sustancial en cuanto a hechos esenciales y pertinentes del caso. 32 LPRA, Ap. V, R. 36.3. Un hecho material es aquel que tiene el potencial de impactar el resultado de una reclamación. Oriental Bank v. Caballero García, *supra*, pág. 679. Un tribunal no puede disponer de un caso por la vía sumaria cuando existan hechos

fundamentales controvertidos. SLG Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168. Así pues, una vez se concluye que no existe controversias sobre hechos materiales, los foros judiciales debemos determinar si, como cuestión de derecho, procede disponer del caso sumariamente.

Luego de un análisis detenido y sosegado de los documentos que obran en el expediente, incluyendo la "**Demanda**", la "**Solicitud de Sentencia Sumaria Parcial sobre Sentencia Declaratoria y Acción Reivindicatoria**" y su correspondiente *Oposición*, hemos arribado a la conclusión de que el TPI erró al dictar sentencia sumaria parcial, pues, como cuestión de derecho, no procedía emitir dicho dictamen dispositivo. Nos explicamos.

Surge de manera diáfana que existe controversia real y sustancial sobre la titularidad de la finca núm. 54962. Más allá de la declaración jurada suscrita por el propio el Recurrido y de las admisiones tácitas que forman parte del expediente, luego de que se diera por admitido el Requerimiento de Admisiones porque la señora Reyes Fajardo no contestó el mismo dentro del plazo reglamentario, la documentación que surge del expediente lo que demuestra es que el señor Mojica Rodríguez asumió gastos relacionados con la administración de la propiedad. Nótese que la prueba con la que el Recurrido cuenta para demostrar que construyó una propiedad dentro de la finca núm. 54962 son aseveraciones expuestas una declaración jurada *self serving* y en admisiones tácitas de la señora Reyes Fajardo. Sobre este particular, debemos recordar que los tribunales debemos ejercer un cuidado especial cuando estamos ante admisiones tácitas por no haberse contestado un requerimiento dentro del término establecido para ello. Audiovisual Lang v. Sist. Est. Natal Hnos., 144 DPR 563, 573-574 (1997). Esto porque, si bien es cierto que la Regla 33, *supra*, es obligatoria y, por tanto, sus disposiciones deben cumplirse de manera sustancial, no es menos cierto que consideraciones técnicas deben ceder cuando su estricta aplicación e interpretación incida sobre la consecución de la justicia. Íd., pág. 575. Después de todo, la interpretación liberal de las Reglas de Procedimiento Civil permite asegurar la política pública de que la solución de todo procedimiento sea justa, rápida y económica. 32 LPRA Ap. V, R. 1.

Adicionalmente, del expediente surgen múltiples documentos fehacientes que abonan a la existencia de una comunidad de bienes o cotitularidad de las partes sobre el terreno donde alegadamente se construyó la propiedad. Según detallamos previamente, la Apelante y el señor Mojica Rodríguez **ambos suscribieron** las escrituras de compraventa e hipoteca del terreno; la certificación registral, al igual que el plano de lotificación, reflejan que **el inmueble está inscrito a favor de ambos**; y varios documentos reconocen que los excónyuges adquirieron bienes y deudas **en común** durante el matrimonio.

Además de dichos documentos, el restante de los argumentos y prueba que obra en el expediente a lo que apunta es a que el Apelado asumió una serie de gastos de administración y/o de conservación del bien inmueble que, si bien podría estar atado a alegada titularidad exclusiva, lo cierto es que no es suficiente para concluir certeramente que la señora Reyes Fajardo no es cotitular del mismo. Lo anterior, ante la existencia de documentación contundente que apunta a que, en efecto, esta última podría ser codueña del bien inmueble en controversia. Sobre este respecto, debemos aclarar que, de ninguna manera, estamos concluyendo que la propiedad fue adquirida por las partes en comunidad, sino que a esta etapa de los procedimientos y con el tipo de prueba con la que contaba el foro de instancia al adjudicar la solicitud de sentencia sumaria, no procedía disponer del caso sumariamente puesto que existe documentación encontrada que inclina la balanza hacia ambos lados de las respectivas teorías de las partes.

Ante semejante cuadro fáctico, resulta forzoso concluir que el elemento central de la causa de acción —la titularidad del inmueble— aún está en controversia. Consecuentemente, y como cuestión de derecho, no procedía dictar sentencia sumaria sobre este particular. La prueba aportada por el Apelado no es suficiente en derecho para concluir, categóricamente, que el inmueble le pertenece de manera exclusiva y privativa. Cuanto más, es evidente que tal controversia debe dilucidarse mediante juicio en su fondo, de manera que el juzgador primario pueda asegurarse de que cuenta con la verdad total del asunto y pueda adjudicar la credibilidad y el peso probatorio a la prueba que en su día presenten las partes.

**IV.**

A la luz de las consideraciones que anteceden, *revocamos* la *Sentencia sumaria parcial* de la cual se recurre y devolvemos el caso al foro primario para la continuación de los procedimientos de manera cónsona con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones